# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## ERIC HOLMES v. SHELBY COUNTY SHERIFF'S OFFICE, ET AL.

### Appeal from the Chancery Court for Shelby County
### No. CH121860      Jim Kyle, Chancellor

_____

### No. W2015-01618-COA-R3-CV – Filed January 12, 2016
_____

Because the order appealed is not a final judgment, this appeal must be dismissed for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P.J.W.S., BRANDON O. GIBSON, J., AND ARNOLD B. GOLDIN, J., NOT PARTICIPATING.

Marlinee C. Iverson, Memphis, Tennessee, for the appellants, Shelby County Sheriff's Office and Shelby County Civil Service Board.

John A. Irvine, Jr., Memphis, Tennessee, for the appellee, Eric Holmes.

### MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

orders. *See* **Bayberry Assoc. v. Jones**, 783 S.W.2d 553 (Tenn. 1990).

By Order entered on December 10, 2015, the Court directed Appellants Shelby County Civil Service Board and Shelby County Sheriff's Office to, within ten (10) days of the entry of that Order, obtain entry of a final judgment in the trial court. Our Order also provided that, in the event that Appellants did not obtain entry of a final judgment within the time provided therein, Appellants would have fifteen (15) days from the entry of that Order to show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Finally, our Order stated "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On December 10, 2015, the Clerk of this Court transmitted a copy of our Order to counsel for Appellants by certified mail, return receipt requested. The return receipt indicates that Appellants' counsel received the mail parcel on December 14, 2015. As of this date, however, there is nothing before the Court indicating that Appellants complied with our Order of December 10, 2015, and Appellants have not otherwise responded to our Order of December 10, 2015.

The order appealed is not a final judgment and Appellants have not complied with our Order of December 10, 2015. Consequently, this Court lacks subject matter jurisdiction and this appeal must be dismissed.

### Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellants, Shelby County Civil Service Board and Shelby County Sheriff's Office, for which execution may issue if necessary.

### PER CURIAM